**FOX GROUP LEGAL**
BONNIE I. BOGIN, SBN 105486
bonnie.bogin@fox.com
TIMOTHY S. LYKOWSKI, SBN 179322
tim.lykowski@fox.com
STEPHANIE M. MATTHEWS, SBN 274812
stephanie.matthews@fox.com
2121 Avenue of the Stars, Suite 700
Los Angeles, CA 90067
Telephone:  (310) 369-1451
Facsimile:  (310) 969-3121

Attorneys for Defendant
Twentieth Century Fox Film Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIJAY,<br><br>            Plaintiff,<br><br>v.<br><br>TWENTIETH CENTURY FOX FILM CORPORATION; PARAMOUNT PICTURES CORPORATION; LIGHTSTORM ENTERTAINMENT; EARTHSHIP PRODUCTIONS, INC.; WALDEN MEDIA, LLC; WALT DISNEY PICTURES; and DOES 1 through 400, inclusive,<br><br>            Defendants. | CASE NO. 2:14-CV-05404-RSWL (Ex)<br><br>**DEFENDANT TWENTIETH CENTURY FOX FILM CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br><br>[28 U.S.C. §§ 1331, 1367, 1441 and 1446] |

# I.      INTRODUCTION

Plaintiff Vijay contends in his Motion to Remand that this action should be remanded to the Superior Court because no federal question exists, *i.e.*, that this Court lacks subject-matter jurisdiction because resolution of Plaintiff's claims does not require interpretation of the SAG-AFTRA Codified Basic Agreement ("the CBA").[1] (*See* Pltf.'s Mot. to Remand at pp. 3, 8, 9.)  However, Plaintiff's Motion to Remand only serves to *confirm* that his claims are premised on the theory that he should have been "upgraded" to a "principal performer"—a term of art used and a right created in various versions of the CBA—and that he is therefore entitled to rights and remedies conferred by the CBA.  Accordingly, this Court has original jurisdiction over Plaintiff's claims because resolving each claim will require interpretation of the CBA's terms (*e.g.*, to determine whether Plaintiff was a "principal performer"), rendering the purported state-law claims preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 *et seq.*  LMRA preemption applies regardless of whether Plaintiff is a member of the union (*see Levy v. Skywalker Sound*, 108 Cal. App. 4th 753, 766 (2003)) or whether he expressly mentioned the CBA in his pleading (*see Hyles v. Mensing*, 849 F.2d 1213, 1215-1216 (9th Cir. 1988)), because the relevant inquiry is whether Plaintiff's claims are inextricably intertwined with matters governed by the CBA.  Here, Plaintiff's pleadings and Motion to Remand clearly establish that they are.  Thus, Plaintiff's Motion to Remand should be denied.

---

[1]  The applicable CBA is a collective bargaining agreement that was originally entered into by Screen Actors Guild, Inc. and the Alliance of Motion Picture & Television Producers.  In 2012, Screen Actors Guild, Inc. merged with the American Federation of Television and Radio Artists to create Screen Actors Guild-American Federation of Television and Radio Artists ("SAG-AFTRA").  SAG-AFTRA has assumed the rights, privileges, authority, and duties of representation under the applicable collective bargaining agreement between Screen Actors Guild, Inc. and the Alliance of Motion Picture & Television Producers.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

## II.    ARGUMENT

This Court has subject-matter jurisdiction over Plaintiff's claims because Plaintiff's Complaint raises questions under federal law.  As Plaintiff concedes, state-law claims are preempted by section 301 of the LRMA if they "requir[e] the interpretation of a collective-bargaining agreement."  (Pltf.'s Mot. to Remand at p. 6, quoting *Lingle v. Norge Div. of Magic Chef, Inc*., 486 U.S. 399, 413 (1988).)

Section 301 of the LMRA mandates that *all* civil claims for breach of a collective bargaining agreement be brought as federal claims in order to avoid "[t]he possibility that individual contract terms might have different meanings under state and federal law," which "would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements."  *Local 174, Teamsters Union v. Lucas Flour Co.*, 369 U.S. 95, 103 (1962).  As a result, "state law does not exist as an independent source of private rights to enforce collective bargaining contracts."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987) (internal quotation marks and citation omitted).  Rather, section 301 of the LMRA "completely pre-empt[s]" state law claims, meaning "the pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization.  Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301."  *Id*. at 393-394.  Thus, "even suits based on torts, rather than breach of collective bargaining agreements, are governed by federal law if their evaluation is inextricably intertwined with consideration of the terms of [a] labor contract. . . . Section 301 preempts all state-law causes of action evaluation of which requires interpretation of a labor contract's terms."  *Miller v. AT&T Network Sys.*, 850 F.2d 543, 545 (9th Cir. 1988) (internal punctuation and citations omitted).  This is true even if the plaintiff is not a member of the union whose collective bargaining agreement is at issue.  *See Levy*, 108 Cal. App. 4th at 766.

**A.**     **Plaintiff's Claims Are Inextricably Intertwined With The CBA And Require Interpretation Of Its Terms.**

As set forth in detail in Defendants' Motion to Dismiss and underscored by Plaintiff's Motion to Remand, each and every one of Plaintiff's claims is premised on rights created by the CBA and requires interpretation of the terms of the CBA.  (*See* Defs.' Mot. to Dismiss at pp. 5-12.)  Plaintiff admits in his Motion that he willingly performed as an "extra," but contends that his rights were violated because he was upgraded to a "principal performer" role without being informed "of his increased rights, including his opportunity to join SAG, and to [receive] residuals and/or foreign royalties based on his increased role."  (Pltf.'s Mot. to Remand at p. 3; *see also id.* at pp. 4, 8-9.)   Plaintiff argues that these rights and Defendants' alleged "duty" to inform him of these rights "aris[e] from California law."  (*Id.* at p. 3; *see also id.* at p. 8.)  But Plaintiff does not and cannot identify any such California law because none exists.

Instead, as made clear in the complaint that Plaintiff filed earlier this year (and then voluntarily dismissed), Plaintiff's claims are grounded in the CBA.  (*See* Dkt. 9-1, Exh. A at ¶¶ 25-27, 30-31, 34, 54, 59 (paragraphs of Plaintiff's prior complaint, which asserted the same causes of action against the same parties as his Complaint in this action, expressly alleging that Plaintiff seeks to enforce rights and recover remedies which arise from the terms of the CBA).)  Plaintiff admitted in his prior pleading that his claims—including whether he should have been "upgraded" to a "principal-performer" role, should have been notified of the upgrade, and should have received royalties—are governed by the CBA (*see id.* at ¶¶ 25-27), and those admissions remain binding in evaluating whether Plaintiff's claims are preempted.[2] *See Sulton v. Wright*, 265 F. Supp. 2d 292, 295 (S.D.N.Y. 2003) ("Admissions in

---

[2] Defendants noted these admissions from Plaintiff's previously-filed Complaint in their Notice of Removal and Motion to Dismiss, yet Plaintiff conspicuously declined to address those admissions in his Motion to Remand.  (*See* Dkt. 1 at ¶ 10; Dkt. 8-1 at p. 4, 7; *id.* at p. 2 n. 3.)

1  earlier complaints remain binding when a plaintiff files subsequent pleadings."),

2  *abrogated on other grounds* as noted in *Scott v. Gardner*, 287 F.Supp.2d 477

3  (S.D.N.Y 2003); *see also Stonebrae, L.P. v. Toll Bros., Inc*. 2010 U.S. Dist. LEXIS

4  1199, *23-24 (N.D. Cal. Jan. 7, 2010) (where allegations in an amended complaint

5  contradict those in a prior complaint, the district court need not accept the new alleged

6  facts as true); *Cal. Dental Ass'n v. Cal. Dental Hygienists' Ass'n*, 222 Cal. App. 3d

7  49, 53 n.1 (1990) ("[A] plaintiff may not discard factual allegations of a prior

8  complaint, or avoid them by contradictory averments . . . .").

9       In his Motion to Remand, Plaintiff concedes that the predicate for his claims is

10  his contention that he was "upgraded" to a "principal performer role."  (*See* Pltf.'s

11  Mot. to Remand at p. 3.)  As a result, resolving Plaintiff's claims will necessarily

12  require interpretation of the CBA because the CBA delineates the circumstances

13  under which someone is considered a "Principal-Performer" as opposed to a

14  "Background-Performer."[3]  Thus, to determine whether Plaintiff was a principal

15  performer, the fact-finder will need to assess, *inter alia*, whether the dialog Plaintiff

16  allegedly recited constituted "lines" within the meaning of Section 26 of Schedule A

17  of the CBA (*see* Dkt. 9-2 at p. 195) or merely "normal action" within the meaning of

18  Section 3(b)(1) of Schedule X, Part I of the CBA (*see* Dkt. 9-5 at p. 525).  Beyond

19  that predicate assessment, Plaintiff's claims will require further interpretation of the

20  CBA.  For instance, even if Plaintiff was a "principal performer," there is no state law

21  requiring a company to inform an actor that he has been ungraded or that he is entitled

22  to SAG-AFTRA benefits; thus, the fact-finder will need to analyze and interpret the

23  CBA in order to determine if Defendants had any such "duty" here.  In addition,

---

24       [3] Plaintiff contends that "principal performer" is "a term of art that is regularly

25  defined and understood throughout the theatrical motion picture industry and not
exclusive to any definition as set forth in the CBA."  (Pltf.'s Mot. to Remand at p. 4

26  n.2.)  However, this term is meaningful in the industry because it is set forth in the
CBA and confers rights and benefits pursuant to the terms of the CBA.  Moreover, the

27  fact that the term is widely used and understood in the industry is inapposite, as the
term does not impose the rights, benefits, or duties that Plaintiff alleges here

28  independent of the CBA.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

determining whether Plaintiff is entitled to residuals, along with the amount of any residual payments owed, will require interpretation of Section 5 of the CBA, which governs deferred compensation (*i.e.*, residuals) for ratable distribution.  (*See* Dkt. 9-1 at pp. 39-46.)[4]  Plaintiff's claims thus are inextricably intertwined with the CBA and will require interpretation of its terms.

Plaintiff further argues in his Motion that his right of publicity and appropriation of likeness claims "have no relation to the CBA."  (Pltf.'s Mot. to Remand at p. 9.)  But that cannot be the case, as Plaintiff again concedes (as he did in his Complaint) that he consented to provide his performance as an extra, but did not consent to the use of a "principal performance."  (*Id.* at p. 9; *see also* Compl. at ¶¶ 41-44, 53.)  Accordingly, like Plaintiff's other claims, his second and third causes of action are premised on the fundamental contention that he should have been classified as a principal performer and therefore those claims will likewise require interpretation of the terms of the CBA to determine if he was misclassified.[5]

## B. Federal Preemption Applies Despite Plaintiff's Failure to Explicitly Reference the CBA and His Lack of Union Membership.

As discussed above and in Defendants' Motion to Dismiss, the central inquiry in determining whether LMRA preemption applies is whether evaluation of Plaintiff's claims "is inextricably intertwined with consideration of the terms of a labor contract."  *Miller*, *supra*, 850 F.2d at 545 (internal punctuation and citation omitted).  As a result, Plaintiff's claims may be (and are) preempted, even though his Complaint

---

[4] Defendants do not concede that any particular provision of the CBA is applicable to Plaintiff's claims.  Rather, this Opposition illustrates that Plaintiff's claims, as pleaded and described in his Motion to Remand, will require interpretation of numerous provisions of the CBA in order to determine whether and how the provisions may apply to Plaintiff's claims.

[5] Additionally, to the extent Plaintiff's second and third causes of action seek residuals and foreign royalties (*see* Compl. at ¶¶ 39, 45, 47-53 (incorporating by reference, *inter alia*, *id.* at ¶¶ 1, 24-25)), resolving these causes of action will require interpretation of the terms of the CBA governing residuals and foreign royalties as well.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

1   does not expressly mention the CBA and even though he is not a SAG-AFTRA

2   member.

3        Although Plaintiff has taken pains to avoid express reference to the CBA in

4   this iteration of his Complaint, such an omission does not spare his pleading from

5   LMRA preemption or otherwise defeat the Court's subject-matter jurisdiction over

6   this action.  *See*, *e.g.*, *Kirton v. Summit Med. Ctr.*, 982 F. Supp. 1381, 1385 (N.D. Cal.

7   1997) (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210-11 (1985)) (In

8   assessing federal jurisdiction under the LMRA, "[i]t is not dispositive that a complaint

9   is framed without reference to a CBA.").  Where, as here, a complaint does not

10  expressly mention a collective bargaining agreement, but the plaintiff's state-law tort

11  claims are "really a claim for breach of the CBA, [the claims are] preempted by

12  section 301."  *Hyles*, 849 F.2d at 1215.  Plaintiff's "careful[ wording of the complaint]

13  to avoid any direct reference to the collective bargaining agreement" therefore is

14  insufficient to avoid federal jurisdiction and preemption under the LMRA.  *Id.* at

15  1214.  As described above, despite failing to explicitly mention the CBA in the

16  Complaint, Plaintiff's Motion to Remand (and the prior complaint he filed) confirm

17  that all of his claims are premised on the theory that Defendants violated the CBA,

18  specifically by allegedly improperly classifying him as an extra performer instead of a

19  "principal performer" and failing to provide him certain benefits (such as notification

20  of SAG eligibility and residuals) that he could only be entitled to pursuant to the

21  CBA.

22       Similarly, Plaintiff's claims are preempted by the LMRA regardless of whether

23  he is a member of the union or a signatory to the CBA.  (*See* Pltf.'s Mot. to Remand at

24  pp. 3, 7-8.)[6]  LMRA preemption does not depend on union membership or being a

25  party to the CBA.  Instead, LMRA preemption applies whenever a plaintiff's claims

---

26  [6] Plaintiff points out that employees who are union members may, in some
27  circumstances, assert state-law claims against their employers, but that is inapposite to
    whether claims asserted by non-union plaintiffs may be subject to LMRA preemption.
28  (*See* Mot. to Remand at pp. 7-8.)

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

1  are inextricably intertwined with the terms of a collective bargaining agreement.

2  Indeed, where a non-union plaintiff, "far from disclaiming any rights under an

3  agreement between the union and [the defendant,] expressly seeks to bring himself

4  within [the] scope [of the CBA,] . . . [his] claims inherently rely on labor-management

5  agreements, and thus are preempted under section 301." *Levy*, 108 Cal. App. 4th at

6  766 (affirming finding of LMRA preemption of non-union plaintiff's state-law

7  claims); *see also Painting & Decorating Contractors Ass'n of Sacramento, Inc. v.*

8  *Painters & Decorators Joint Comm. of the E. Bay Counties*, 707 F. 2d 1067, 1071

9  (9th Cir. 1983) ("Section 301[] does not contain any requirement that the parties to an

10  action brought thereunder must also be the parties to the alleged breached contract.").

11  As in *Levy*, Plaintiff seeks to enforce rights and recover remedies pursuant to the CBA

12  and resolving his claims will require interpretation of the CBA.  Accordingly, his

13  claims are preempted by Section 301 of the LMRA.

14  **III.    CONCLUSION**

15          As set forth in Defendants' Motion to Dismiss and confirmed by Plaintiff's

16  Motion to Remand, the fundamental premise of all of Plaintiff's claims is that he

17  allegedly was a "principal performer" and should have received the benefits flowing

18  from that classification.  But there is no state law defining that term, or requiring

19  companies to inform actors when they have been upgraded to an undefined "principal

20  performer" role, or granting "principal performers" an entitlement to residuals.

21  Instead, determining whether Plaintiff should have been classified as a principal

22  performer and whether he is entitled to any of the rights and remedies he seeks is

23  inextricably intertwined with the CBA and will require interpretation of its terms.

24  Plaintiff's state-law claims are therefore completely preempted by Section 301 of the

25  LMRA and must be considered "creature[s] of federal law."  *Caterpillar*, *supra*, 482

26  //

27  //

28  //

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

1    U.S. at 394.  Thus, Defendants respectfully request that Plaintiff's Motion to Remand

2    be denied.

3    DATED:  August 5, 2014                    FOX GROUP LEGAL

4

5                                              By: /s/ *Stephanie M. Matthews*

6                                                  STEPHANIE M. MATTHEWS

7                                                  FOX GROUP LEGAL
                                                   Attorney for Defendant
8                                                  Twentieth Century Fox Film Corporation

9    The undersigned hereby join in this motion to dismiss.

10

11

12

13   By: *[signature: Jill Glosser]*

14   JILL GLOSSER
     Attorney For Defendant
15   Paramount Pictures Corporation

16   By: /s/ *Charles N. Shephard*

17   CHARLES N. SHEPHARD

18   GREENBERG GLUSKER FIELDS
     CLAMAN & MACHTINGER LLP
19   Attorney For Defendants Lightstorm
     Entertainment, and Earthship Productions, Inc.
20

21

22   BY: /s/ *Adam Levin*

23   ADAM LEVIN
     MITCHELL SILBERBERG & KNUPP LLP
24   Attorney For Defendants Walden Media, LLC
     and Walt Disney Pictures
25

26

27

28

                                        9
       DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND