JOHN J. URIBE, ESQ. (SBN: 196720)
 uribelaw@hotmail.com
LAW OFFICES OF JOHN J. URIBE
A Professional Law Corporation
Post Office Box 69276
Los Angeles, California 90069
Tel: (213) 617-1300 / Fax: (213) 617-1320

Attorney for Plaintiff: VIJAY, professional known as "Abrax Lorini," an individual ("VIJAY").

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DISTRICT

| | |
|---|---|
| VIJAY, professionally known as "Abrax Lorini," an individual, <br><br> Plaintiff, <br><br> v. <br><br> TWENTIETH CENTURY FOX FILM CORPORATION; PARAMOUNT PICTURES CORPORATION; LIGHTSTORM ENTERTAINMENT; EARTHSHIP PRODUCTIONS, INC.; WALDEN MEDIA, LLC; WALT DISNEY PICTURES; and DOES 1 through 400, inclusive, <br><br> Defendants. | CASE NO. 2:14-cv-05404-RSWL(Ex) <br><br> **PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** <br><br><br> [Los Angeles Superior Court Case No. BC547906 (the "State Action")] <br><br> Time: 10:00 a.m. <br> Date: August 26, 2014 <br> Place: Courtroom 21 <br> Judge: Hon. Ronald S.W. Lew |

## I. INTRODUCTION

Plaintiff is not, never has been, and was not at any relevant times in this lawsuit a member of the Screen Actors Guild ("SAG"). Although there exists a collective bargaining agreement ("CBA"), between SAG and Defendants, Plaintiff at all relevant times was unaware of and had no knowledge of the CBA, was not a party nor signatory to the CBA, has never paid union dues, has no obligations under the CBA, and has never derived any benefits, rights, or protections from SAG or the CBA, nor was Plaintiff a "free rider" of any of the benefits, rights, or protections derived by SAG as a union for its members or through the CBA - - again, which Plaintiff was not a member. Nor did Plaintiff allege a breach of contract cause of action in his Complaint[1], let alone allege a breach of the CBA; the CBA, in this case, at best, being only tangentially - - as opposed to being inextricably intertwined with said CBA, related to Plaintiff's statutory and common law state claims.

## II. ARGUMENT

Plaintiff incorporates by referenced Plaintiff's Opposition to Defendants MTD filed on August 5, 2014 as if argued herein and, in supplement, states as follows:

---

[1] Within Defendants' Opposition to Plaintiff's Motion to Remand [*see* Defendant's Opposition to Plaintiff's Motion to Remand ("Opposition"), at at p. 2, fn.2. , and p. 7], and Defendants' Motion to Dismiss ("MTD") [*See* Defendants' MTD at p. 2, fn.3, and pp. 2-4, 6-8], is reference to Plaintiff's filing of a separate complaint in a state court case (BC536365)(i.e., 2:14-cv-02738), that was filed on February 14, 2014. The complaint filed therein was unverified and dismissed on April 16, 2014. Despite this, however, Defendants incorrectly interject, reference, and rely on allegations set forth in that dismissed case's complaint in support of their Opposition on the basis that such constitutes "judicial admissions." Plaintiff objects to Defendants' reference of this separate and dismissed case because allegations contained therein are not "judicial admissions" (*see* Plaintiff's argument in Plaintiff's Opposition to Defendants' MTD filed on August 5, 2014), since it is not the "original" Complaint that was filed ***in this case***.

A.     **Plaintiff's Claims Are Not Inextricably Intertwined With the CBA & Does Not Require Interpretation of Its Terms.**

Quite simply, Plaintiff bases his statutory and common law causes of action - - none of which are a cause of action for breach of contract or the CBA, on California law.  Any CBA implication would be by reference only and only tangentially related.  Here, the only two reference points that Plaintiff can identify regarding reference to the CBA is: (1) was or was not Plaintiff a member of SAG (this is undisputed - - he was not and therefore did not have any rights conferred upon him under the CBA); and (2) if there was a notification provision in the CBA where employers who CBA signatories are to notify SAG whenever there are upgrades of non-union extras (this is undisputed - - *there is* such a notification provision in the CBA).

B.     **Federal Preemption Does Not Apply**

Plaintiff has not found, nor have Defendants cited, a single reported federal case that found LMRA preemption in the context where the party-litigants were not already named in the CBA, a signatory to the CBA, and/or was an actual union member who derived benefits or was subject to a CBA.  Moreover, in all reported federal cases that Plaintiff has found, all dealt with an alleged breach (or tortious breach), of contract claim and/or breach of the CBA.  Even in the one state court case cited by Defendants [i.e., *Levy v. Skywalker Sound*, 108 Cal. App.4th 753 (2003)], where plaintiff Levy was not a union member, Levy had entered into an employment contract that incorporated two side letter agreements entered into by the plaintiff Levy and his employer which referenced the CBA and whether Levy position's was union or not a union position concerning pay, benefits, etc.

This is not the case here and is instead more akin to the case of *Wanland v. Los Gates Lodge, Inc.*, 230 Cal. App. 3d 1507, 1515-1517.  There, the Court of Appeals found that Section 301 preemption did not apply because plaintiff's

position was nonunion and, because of this nonunion status, interpretation of any rights conferred under a CBA was unnecessary. *Id.* Accordingly, Section 301 preemption does not apply.

### III. CONCLUSION

For all of the foregoing reasons, as further set forth in Plaintiff's Opposition to Defendant's Motion to Dismiss, Plaintiff respectfully request that the Court grant Plaintiff's Motion to Remand, and for such other and further relief as the Court deems necessary and proper.

DATED: August 11, 2014         Respectfully submitted,
                               LAW OFFICES OF JOHN J. URIBE


                               By:        /s/ John J. Uribe
                               JOHN J. URIBE
                               Attorney for Plaintiff: VIJAY